**Sergio A. VARGAS, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 05–70874.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 20, 2007.[*]

Filed Feb. 28, 2007.

Frank P. Sprouls, Esq., Law Office of Ricci and Sprouls, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Daniel E. Goldman, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ and McKEOWN, Circuit Judges.

## MEMORANDUM [**]

Sergio A. Vargas, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). Except as otherwise stated, we have jurisdiction under 8 U.S.C. § 1252. We review de novo claims of constitutional violations in immigration proceedings. *See Ram v. INS*, 243 F.3d 510, 516 (9th Cir.2001). We dismiss in part and deny in part the petition for review.

In his opening brief, Vargas fails to address, and therefore has waived any challenge to, the BIA's determination that he is ineligible for asylum, withholding of removal and protection under CAT. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.1996) (holding that issues which are not specifically raised and argued in a party's opening brief are waived).

Instead, Vargas challenges the agency's decision to commence removal rather than deportation proceedings against him, a challenge we lack jurisdiction to review. *See* 8 U.S.C. § 1252(g); *Jimenez–Angeles v. Ashcroft*, 291 F.3d 594, 599 (9th Cir. 2002) (noting that this court lacks jurisdic-

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tion "to review the timing of the Attorney General's decision to commence proceedings.") (internal citations and quotation marks omitted).

Also, contrary to Vargas' contention, Congress did not violate the Equal Protection Clause when it repealed suspension of deportation, and replaced it with cancellation of removal as the available form of relief for aliens who were placed in removal proceedings on or after April 1, 1997. *See Vasquez–Zavala v. Ashcroft,* 324 F.3d 1105, 1108 (9th Cir.2003); *Hernandez–Mezquita v. Ashcroft,* 293 F.3d 1161, 1163–65 (9th Cir.2002).

Vargas' contention that the BIA is required to provide a more detailed explanation for its dismissal is unpersuasive. *See Alaelua v. INS,* 45 F.3d 1379, 1381 (9th Cir.1995) (BIA's adoption of IJ's reasons is sufficient where BIA gave individualized consideration to the case but chose to use IJ's words).

In his opening brief, Vargas fails to address whether he complied with the conditions of the agency's voluntary departure order. Accordingly, the motion to stay voluntary departure is denied.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.